IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:12CR170 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| DENNYS RODRIGUEZ, | |
| Defendants. | |

This matter is before the court on defendant's objections, Filing No. 40, to the findings and recommendations ("F&R"), Filing Nos. 34 and 37, denying defendant's motion to suppress, Filing No. 23. The magistrate judge recommended that the defendant's motion to suppress be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed of the entire record including the transcript of the suppression hearing.

## BACKGROUND

The court will briefly summarize the facts. The parties dispute very little with regard to the facts. Officer Morgan Struble[1] testified that he was in the median on Highway 275. The defendant passed him going westbound in the opposite direction. Officer Struble turned his vehicle onto Highway 275 and headed in the same direction as the defendant. The time was approximately midnight. Officer Struble saw defendant's car briefly veer off the highway onto the shoulder of the road and then

---

[1] Magistrate Judge F.A. Gossett found Officer Struble's testimony credible.

return back to the road. Officer Struble then pulled defendant over. As Officer Struble approached the vehicle, he smelled air fresheners. As defendant rolled down the window he smelled more of the same odor. He approached the passenger side of the car, and the passenger seemed nervous and would not make eye contact with him. The defendant was asked why he ran off the road. At some point defendant may have indicated he did not run off the road; however, he then stated to Officer Struble that there was a large pothole on the road. Officer Struble asked the defendant to come to his police vehicle, but the defendant declined. The officer then ran a records check. Officer Struble asked the defendant and passenger about the purpose of their trip, and there was a discussion regarding a possible purchase of a car in Omaha. Officer Struble did not find that credible, given the time of evening. Officer Struble then issued a warning ticket and asked if defendant would mind if K-9 Floyd walked around the vehicle. The defendant answered in the negative. Officer Struble then asked defendant to exit his vehicle, to turn it off, and to stand in front of the cruiser till the second officer arrived. Officer Struble requested backup and another officer arrived. K-9 Floyd alerted and indicated. The sequence of timing took about 19 minutes from the initial stop to issuance of the warning ticket. It took the backup officer another four minutes to arrive. The dog alerted within 10 minutes or less after the completion of the stop and issuance of the ticket. The car was searched at some point thereafter. During the search a large bag of methamphetamine was discovered.

**DISCUSSION**

The magistrate judge found probable cause for the initial traffic stop, reasoning the officer had a reasonable basis for believing a violation had occurred. *See* United States v. Thomas, 93 F.3d 479 (8th Cir. 1996). Defendant argues that it is not in fact a violation to briefly run off the side of the road onto the shoulder. A traffic stop must be based on an officer's reasonable belief that a traffic violation has occurred. United States v. Washington, 455 F.3d 824, 826 (8th Cir. 2006). The magistrate judge found the defendant's argument lacked merit because Officer Struble had an objectively reasonable suspicion that a code violation occurred. The court has carefully reviewed the findings of the magistrate judge and affirms the same.[2] The stop was objectively reasonable under the circumstances, as the officer had probable cause to believe that a traffic violation had occurred.

Defendant next argues that the use of the K-9 for a search and also the duration of the traffic stop are both unlawful. The magistrate judge determined that the deployment of the dog was reasonable and not a search under the Fourth Amendment. The magistrate judge further found that Officer Struble did not need defendant's consent for the search. Likewise, this court agrees with the magistrate judge that the dog search

---

[2] The defendant relies on this court's decision in United States v. Magallanes, 730 F. Supp.2d 969, 977 (D. Neb. 2010) where this court found that that "Neb. Rev. Stat. § 60-6,142 was not meant to 'criminalize an inadvertent momentary crossing onto the shoulder . . . as a pretext to stop otherwise suspicious vehicles.'" *Id.* at 977, *quoting Graumann*, 2010 U.S. Dist. LEXIS 79273 at *5-6. The court notes that a recent unpublished opinion in Nebraska found otherwise. *See* State v. Medina, 2011 WL 2577268 (Neb. App. 2011). The Court of Appeals addressed this exact issue and determined that Neb. Rev. Stat. § 60-6,142 included driving off of the highway and onto the shoulder and then back onto the highway, rejecting the thoroughfare analysis, and thus disagreeing with the *Magallanes* case. *See id.* at *5. Although *Medina* is not dispositive of Nebraska law, this court will adopt its reasoning. *See also* United States v. Coleman, 2011 WL 2182180 (D. Neb. 2011) (Magistrate Judge Cheryl Zwart has likewise determined that a momentary crossing onto the shoulder violates § 60-6,142.)

was constitutional, based on the facts as set forth in the transcript and as summarized herein.

As for the timing of the traffic stop, the magistrate judge concluded that it was lawful. "A lawful traffic stop can become unlawful if it is prolonged beyond the time reasonably required to complete the mission of the stop." *United States v. Hernandez-Mendoza*, 600 F.3d 971, 975 (8th Cir. 2010) (internal quotation and citation omitted). The magistrate judge found that the timing was de minimis, citing *United States v. $404,905 in U.S. Currency*, 182 F.3d 643 (8th Cir. 1999). *See also United States v. Morgan*, 270 F.3d 625 (8th Cir. 2001) (under 10 minutes de minimis). Officer Struble requested backup for officer safety. The backup officer responded in a short period of time. Officer Struble had his K-9 in his car and conducted the search immediately thereafter.

"[D]og sniffs that occur within a short time following the completion of a traffic stop are not constitutionally prohibited if they constitute only de minimis intrusions." *United States v. Alexander*, 448 F.3d 1014, 1016 (8th Cir. 2006). The magistrate judge found, and this court agrees, that the total elapsed time is similar to the times found constitutional by the Eighth Circuit. The magistrate judge concluded that the initial stop of 19 minutes, plus the 7 to 10 minutes for the dog to alert thereafter, was not of constitutional significance. The court agrees with the findings of fact and conclusions of law in this regard. Accordingly, the court will adopt the F&R of the magistrate judge in this regard.

THEREFORE, IT IS ORDERED:

1. The defendant's motion to suppress, Filing No. 23, is denied;

2. The defendant's objections to the F&R, Filing No. 40, are overruled; and

3. The F&R of the magistrate judge, Filing Nos. 34 and 37, is adopted in its entirety.

Dated this 30th day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge